IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

CAMERON DEAN McCULLOUGH          §

v.                               §          CIVIL ACTION NO. 6:10cv292

DIRECTOR, TDCJ-CID               §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT


The Petitioner Cameron McCullough, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McCullough was convicted of aggravated assault, receiving a sentence of 33 years in prison. In his petition, he argues that the prosecutor committed error through an improper jury argument, and that the trial court abused its discretion by failing to "completely cure the State's error" by declaring a mistrial *sua sponte*. He also contended that he was denied due process in his state habeas proceedings.

In answering the petition, the Respondent argued that McCullough procedurally defaulted these claims, pointing to the fact that the Fifth Judicial District Court of Appeals, the Texas appellate court to which McCullough appealed his conviction, expressly held that McCullough had waived this error by failing to request a mistrial, after his objection to the prosecutor's argument was sustained and the trial court instructed the jury to disregard the evidence. McCullough v. State, slip op. no. 05-07-605-CR, 2008 WL 152225 (Tex.App.-Dallas 2008, pet. ref'd).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed as procedurally barred. The Magistrate Judge noted that the last Texas court to consider the claim expressly and unambiguously based its denial of relief upon the procedural bar and concluded that McCullough had failed to overcome this bar, which he could have done through a showing of cause and prejudice.

The Magistrate Judge wenton to reject McCullough's contentions that the trial court had a duty to declare a mistrial *sua sponte*, even though McCullough's counsel had not asked for one, and that McCullough had failed to overcome the procedural default through a showing of actual innocence. Finally, the Magistrate Judge stated that McCullough's claim of denial of due process in the state habeas proceeding did not set out a valid ground for federal habeas corpus relief. The Magistrate Judge thus recommended that McCullough's petition be denied and that McCullough be granted a certificate of appealability *sua sponte*.

McCullough filed objections to the Report of the Magistrate Judge on January 11, 2011. In his objections, McCullough complains that counsel failed to pursue the objection to an adverse ruling by requesting a mistrial after the prosecutor engaged in improper jury argument. He concedes that the Court of Appeals found this to be a procedural default, but points to an affidavit from trial counsel, Teri Estes, in which Estes states her belief that her objections were sufficient to preserve error.

McCullough states that ineffective assistance of counsel is sufficient to show cause and prejudice for the consideration of a procedurally defaulted claim, and that it is itself an independent constitutional claim. He also refers to the "fundamental miscarriage of justice" exception, but does not address the Magistrate Judge's rejection of this exception as applied to him.

In his second objection, McCullough cites a 1933 Supreme Court case called <u>Quercia v. United States</u>, 53 S.Ct. 698 (1933) in which the Court said that the trial court has the duty to

"maintain decorum" in the proceedings.[1] He cites Rule 269 of the Texas Rules of Civil Procedure to say that the trial court was required by law to correct the prosecutor's misconduct, and that federal law also required the state trial court to correct the error. Consequently, he says, the fact that the trial court did not declare a mistrial *sua sponte* violated his constitutional right to due process.

While it is true that ineffective assistance of counsel can represent cause for a procedural default, McCullough did not allege in his petition that he had received ineffective assistance of counsel, much less that such alleged ineffectiveness amounts to cause for the procedural default. Nor did he file a response to the answer, in which answer the defense of procedural default was raised. Instead, he presents this argument for the first time in his objections to the Report of the Magistrate Judge.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Thus, McCullough's claim that the procedural default was overcome by the ineffective assistance of his attorney is not properly before the Court.

Even were it properly before the Court, which it is not, McCullough has failed to show that he is entitled to relief. His objection is to a statement in closing argument wherein the State said "that's the kind of man you're dealing with here, a man who would cause a miscarriage to his wife in the past, who would assault her while she's pregnant."

The record shows that at trial, the victim of the assault, Lachunda Perry, was hostile to the State. The prosecutor sought to question her about an affidavit for a protective order which she had signed, but did not offer this affidavit into evidence. Perry refused to answer any questions about

---

[1] In Quercia, the trial judge in a federal criminal trial told the jury that the defendant had wiped his hands while testifying, and that this "is almost always an indication of lying." The judge could not give any basis for this opinion, but added that "I think that every single word that man said, except when he agreed with the Government's testimony, was a lie." The Supreme Court concluded that this statement to the jury was highly prejudicial error. Nothing remotely approaching this circumstance appears in the present case.

this affidavit; finally, the prosecutor asked her "did you or did you not say in your statement when you were applying for a protective order that you believed that the physical assault that Mr. McCullough committed against you on March 30, 2006, caused you to have a miscarriage on or about April 1, 2006?" Perry stated that she did not remember. Based on this, the prosecutor made the above argument at closing, to which counsel objected.

The Fifth Circuit has stated that in federal habeas actions, improper jury argument by the state does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process Clause. Felde v. Blackburn, 795 F.2d 400, 403 (5th Cir. 1986). To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that, in probability, but for the remarks no conviction would have occurred. Felde, 795 F.2d at 403, *citing* Kirkpatrick v. Blackburn, 777 F.2d 272, 281 (5th Cir. 1983). In this regard, the Supreme Court has explained that a prosecutor's remarks must be more than undesirable or even universally condemnable before reversal is warranted. Instead, the prosecutor's remarks must infect the trial with such unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986); *see also* Bell v. Lynaugh, 828 F.2d 1085, 1095 (5th Cir.), *cert. denied* 484 U.S. 933 (1987); Drew v. Collins, 964 F.2d 411, 417 (5th Cir. 1992).

This is an extraordinarily high standard, and it is one which McCullough has failed to meet. There is no doubt that the prosecutor's argument was improper, as shown by the fact that the objection was sustained and the jury was instructed to disregard it. However, McCullough has not shown that either persistent and pronounced misconduct, nor that the evidence was so insubstantial that but for the remarks, no conviction would likely have occurred, nor that the remark infected the trial with such unfairness that the conviction was a denial of due process.

The case concerned an assault by McCullough upon his girlfriend, Perry. The evidence, as stated by the Court of Appeals, showed that McCullough and Perry got into an argument and McCullough began choking her. She scratched his face and pulled away, and ran into the kitchen. A friend of McCullough's tried to stop the fight, and Perry called 9-1-1, but McCullough pulled the phone out of the wall. He told her "I don't need you, bitch," and threw a plate at her, striking her in the head and causing her to pass out momentarily.

When Perry recovered, she could not see because a shattered piece of the plate had cut her above the eye, causing profuse bleeding on her face. She followed McCullough outside and tried to stab his car tires, and then got in his car to prevent him from leaving. McCullough pulled her out of the car and began punching her, and she fell unconscious in the driveway.

A police officer later found her in the driveway, "hysterical, crying, and covered with blood." She told him that McCullough had thrown a plate at her and had beaten her severely in the past, and asked about getting a protective order. The officer checked the premises and found the kitchen in disarray, the knives on the floor, and the phone pulled out of the wall.

Perry was taken to the hospital, where she received 20 stitches to close the laceration. A CAT scan was ordered to rule out possible head trauma. The nursing notes indicate that Perry said that she had been assaulted by her significant other, by being hit in the face with a plate.

In light of this evidence of a brutal assault causing serious injury, McCullough has failed to show that the prosecutor's remark that he was "a man who would cause a miscarriage to his wife in the past, who would assault her while she's pregnant" by itself infected his whole trial with such unfairness as to render his conviction or sentence a violation of due process. Nor has he shown that the prosecutor engaged in "persistent and pronounced misconduct," nor that the evidence was so insubstantial that but for the improper remark, no conviction would likely have occurred. On the contrary, the evidence was more than sufficient to justify the conviction and the sentence. Even had the procedural default been excused, McCullough's claim on this point would fail. This contention is without merit.

Nor has McCullough shown any basis for his objection that the trial court should have declared a mistrial *sua sponte*. The case which he cites, United States v. Querica, refers to improper comments made by the trial judge, not any duty to declare a mistrial *sua sponte*. The proper standard under Texas law is set out in Torres v. State, 614 S.W.2d 436, 442 (Tex.Crim.App. 1981), which states that trial courts have the power to declare a mistrial *sua sponte* when there is a "manifest necessity" for the act, or the ends of public justice would otherwise be defeated. McCullough has failed to show that these circumstances existed in his case. In addition, as the Magistrate Judge observed, even if the failure to declare a mistrial *sua sponte* violated Texas law, this is not by itself enough to show entitlement to federal habeas corpus relief. McCullough has not shown that the trial court's failure to declare a mistrial *sua sponte* violated his federal constitutional rights, and so his objections on this point are without merit as well.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Cameron McCullough is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 18th day of January, 2011.**

6

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE